UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-civ-80585 Ryskamp/Vitunac

VISTAR TECHNOLOGIES CORP.,

    Plaintiff

v.

OREN TAVORY,

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND LACK OF SUBJECT MATTER JURISDICTION

Defendant Oren Tavory ("Tavory"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), hereby moves to dismiss Counts III, IV, VI, VIII, X, XII of the Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction and in support thereof states the following:

### BACKGROUND

This is an action seeking declaratory judgment concerning the authorship and ownership of the copyright in certain software, entitled the "Vistar Imaging Profiler System" (the "VIP System"). SAC. ¶ 35. Plaintiff Vistar Technologies Corp. ("Vistar") is a corporation co-founded by Tavory. SAC. ¶ 7. The parties to this action and the other purported shareholders of Vistar, Myra Ameigh and Kathy Barber, are currently embroiled in two strongly contested lawsuits in state court regarding ownership and

control of Vistar. SAC. ¶ 17. Tavory contends that Barber does not own stock in Vistar and is not a director of Vistar and that Vistar is controlled jointly by Tavory and Ameigh. Tavory has not approved the filing of this lawsuit by Vistar or the hiring of the attorneys who filed it and contends, therefore, that Vistar does not have the authority to even bring this suit. This lack of subject matter jurisdiction will be addressed in a separate Motion for Summary Judgment.[1]

The initial Complaint failed to state a claim on any count, and because it did not allege a copyright registration, also lacked subject matter jurisdiction. The First Amended Complaint attempted to remedy this fault by attaching as Exhibit A a copy of registration certificate number TX-6-349-855. The materials claimed to be the subject of copyright are the "entire computer program code, text of user's manual and related screen displays." SAC. Ex. A. Defendant contends that this registration was obtained fraudulently, but must take the allegations in the Amended Complaint as true at this stage of the litigation.

As to the claim of misappropriation, Vistar alleges that Tavory "has misappropriated Plaintiff's proprietary, confidential and trade secret information, including, but not limited to, the source code for the VIP system, by refusing to relinquish it to Vistar." SAC. ¶ 68. There is no allegation that Tavory obtained said information by improper means. Indeed, the Complaint alleges that "*[a]s an employee* of Vistar,

---

[1] Because Barber does not own stock in Vistar and Ameigh cannot act on behalf of the company unilaterally and without the consent of Vistar President Oren Tavory, this suit is unauthorized under state law. As an unauthorized suit, there is no subject matter jurisdiction over this action because without authority to file suit there is no case or controversy. Defendant thus intends to file a Motion for Summary Judgment on this issue, accompanied by detailed, competent evidence, that will conclusively show that this suit is not authorized to be brought and is yet another act of Ameigh and Barber to hijack Vistar from Tavory.

defendant had access to sensitive and specialized proprietary information" including the source code of the VIP System and other allegedly proprietary information. SAC ¶ 22-23 (emphasis added). There is no allegation that such information was obtained outside the scope of employment. There is also no allegation that Tavory has disclosed the alleged trade secrets to any third parties. The Amended Complaint alleges that, throughout his employment with Vistar, Tavory "maintained exclusive control of the source code elements for the VIP system" and "closely guarded access to the components of the source code for the VIP system." SAC. ¶ 25. The only allegation of misappropriation is that Tavory "is misappropriating Plaintiff's proprietary, confidential and trade secret information, including, but not limited to, the source code for the VIP system, by refusing to relinquish it to VISTAR." SAC. ¶ 68. These allegations are insufficient as a matter of law to state a claim.

The Second Amended Complaint also requests cancellation of copyright registrations obtained by Oren Tavory. See Counts IV, VI, VIII, X, XII.

## ARGUMENT

### I. THE CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS IS PREEMPTED BY THE COPYRIGHT ACT.

The Copyright Act explicitly preempts any state law claims that "are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301. The Eleventh Circuit has held that, in the trade secret context, "[t]he defendant's breach of duty is the gravamen of such trade secret claims, and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying." *Bateman v. Mnemonics, Inc.*, 79 F.3d

1532, 1549 (11th Cir. 1996)(citation omitted).  Where a trade secret misappropriation claim is "predicated upon the existence of an implied confidential relationship," the court "must carefully review this state law claim to ascertain whether it requires an 'extra element' for recovery, for [a] state law claim is not preempted if the 'extra element' changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Id.*, *citing Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693 (2d Cir.1992) (internal quotations omitted, emphasis in original).

Applying Florida's Uniform Trade Secrets Act at issue in this case, the Eleventh Circuit in *Bateman* held that while the statute generally meets this stated exception to copyright preemption, the court must be "wary of any trade secret claim predicated on the existence of an 'implied' confidential relationship, because we are aware that artful pleading and presentation of evidence seemingly may create a pendent state law claim that in actuality is nothing more than a dressed up version of a copyright infringement claim." *Id.* at 1550.  Because the evidence before the trial court did not unequivocally prove a confidential relationship in *Bateman*, the Eleventh Circuit held that the defendants were entitled to judgment as a matter of law.

The Amended Complaint here fails for the reasons outlined in *Bateman*.  Here, there is no allegation of an explicit written or oral confidentiality agreement between the parties.  Thus, Plaintiff is asking the court to imply a duty of confidentiality.  However, Plaintiff does not even explicitly set out how such a duty has arisen between Tavory and Vistar.  Indeed, there is no allegation of a confidential relationship, express or implied, anywhere in the Amended Complaint.  Without some allegation of breach of confidential

relationship, Count III is nothing more than a dressed-up copyright infringement claim, and must be dismissed for failure to state due to preemption.

**II.   BY FAILING TO ALLEGE THAT TAVORY HAS ACQUIRED THE ALLEGED TRADE SECRET UNDER CIRCUMSTANCES GIVING RISE TO A DUTY TO MAINTAIN ITS SECRECY OR LIMIT ITS USE, THE COMPLAINT FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS.**

Florida's Uniform Trade Secrets Act, § 688.001, *et seq.*, Fla. Stat., explicitly defines the acts that constitute "misappropriation." The statute provides:

> (2) "Misappropriation" means:
>
> (a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (b) Disclosure or use of a trade secret of another without express or implied consent by a person who:
>
> 1. Used improper means to acquire knowledge of the trade secret; or
>
> 2. At the time of the disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:
>
> a. Derived from or through a person who had utilized improper means to acquire it;
>
> b. Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;
>
> c. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>
> 3. Before a material change of her or his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

§ 688.002(2), Fla. Stat. Plaintiff fails to allege that either prong of the misappropriation definition is met. Thus, even accepting as true the allegations in the Amended Complaint for purposes of this Motion, the trade secrets claim must fail.

First, the Amended Complaint contains no allegation that Tavory acquired his knowledge by "improper means," which is a defined by the statute to include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means."  § 688.002(1), Fla. Stat. Instead, the Plaintiff alleges in the Amended Complaint only that Tavory acquired any knowledge "as an employee of Vistar."  Am. Compl. ¶¶ 22-23.  Thus the Amended Complaint fails to allege misappropriation under subsection (a) of the statutory definition.

Second, the Amended Complaint fails to allege misappropriation under subsection (b) of the statutory definition.  The Plaintiff does not and cannot allege in the Amended Complaint that Tavory has disclosed any proprietary Vistar information to third parties without Vistar's consent.  Indeed, quite the opposite – the only alleged "misappropriation" is Tavory's refusal to disclose the information *to Vistar itself*.

The only alleged wrongdoing in the Amended Complaint is Tavory's supposed "use" of trade secrets information without consent. Am. Compl. ¶ 67-71.  But for use of an alleged trade secret to constitute misappropriation under the statutory definition, it has to meet one of the § 688.002(2)(b) circumstances setting out the ways the information allegedly used by defendant was acquired by the defendant.  The allegations in the Amended Complaint do not meet these tests.

There is no allegation that Tavory used improper means to acquire knowledge of the trade secret, nor any allegation that he acquired it by accident or mistake.  Thus the definitions in § 688.002(2)(b)1. and 3. are inapplicable.

Nor is there any allegation that the circumstances defined in § 688.002(2)(b)2. are met. There is no allegation that Tavory obtained the alleged trade secrets "from or through a person who had utilized improper means to acquire it." § 688.002(2)(b)2.a., Fla. Stat. Likewise, there is no allegation that Tavory derived the alleged trade secrets "from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." § 688.002(2)(b)2.c., Fla. Stat. Neither of these statutory definitions could be met as a matter of law, because the allegations in the Amended Complaint state that Tavory obtained the information directly, not through a third party. Thus the definitions in § 688.002(2)(b)(2)a, and c are inapplicable as a matter of law.

The only definition that *might* apply is b., "Acquired under circumstance giving rise to a duty to maintain its secrecy or limit its use." § 688.002(2)(b)2.b., Fla. Stat. But, as noted in Part I, supra, the Amended Complaint contains no allegation that Tavory owed such a duty to Vistar. Without such a duty even alleged, even if Tavory has "used" the alleged trade secrets (which he has not), that use does not meet the definition of misappropriation under the statute.

### III. THE COURT LACKS SUBJECT MATTER JURISDICTION TO CANCEL COPYRIGHT REGISTRATIONS.

As set out in the Copyright Act, only the Register of Copyrights has jurisdiction to cancel copyright registrations. As one court has explained:

> The Register of Copyrights is vested with the authority to set regulations consistent with the Copyright statutes. *See* 17 U.S.C. § 702. This authority is exclusive and comprehensive. 17 U.S.C. § 701(a). Regulations set out at 37 C.F.R. § 201, *et seq.,* define the cancellation procedures. Those procedures do not contemplate judicial cancellation of copyright registration, but rather limited

appeals from cancellations by the Copyright Office under 37 C.F.R. § 204.09.

*Tiseo Architects, Inc. v. SSOE, Inc.,* 431 F.Supp. 2d 735, 740 (E.D. Mich. 2006). Indeed, Chapter 500 of the Copyright Act sets out the exclusive remedies a Court may grant under the Copyright Act, and cancellation is not listed among them. See 17 U.S.C. § 500 *et seq.*

Other courts to consider the issue have likewise held that the courts do not have subject matter jurisdiction to cancel copyright registrations. *See Xerox Corp. v. Apple Computer, Inc.,* 734 F.Supp. 1542, 1549 (N.D.Cal.1990) ("A number of considerations militate against the conclusion that Congress intended courts to be in the business of canceling copyrights."); *Leegin Creative Leather Prods. v. M.M. Rogers & Co.,* 1994 WL 761725, 33 U.S.P.Q.2D (BNA) 1158 (C.D.Cal.1994).

Because the Copyright Act does not contemplate courts granting cancellation of registrations, the court lacks subject matter jurisdiction on counts IV, VI, VIII, X, XII.

## **CONCLUSION**

For the foregoing reasons, Counts III, IV, VI, VIII, X, XII of the Second Amended Complaint should be dismissed with prejudice.

Dated: December 5, 2006.

> /s/ *G. Donovan Conwell, Jr.*
> G. Donovan Conwell, Jr.
> Florida Bar Number 371319
> dconwell@csklawfirm.com
> CONWELL SUKHIA & KIRKPATRICK, P.A.
> 2701 N. Rocky Point Drive, Suite 1200
> Tampa, Florida 33607
> Tel: (813) 282-8000; Fax: (813) 282-8800
> Attorney for Defendant Oren Tavory

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    */s/ G. Donovan Conwell, Jr.*
                                    G. Donovan Conwell, Jr.

## SERVICE LIST
### Vistar Technologies Corp. v.Oren Tavory
**Case No. 06-civ-80535 Ryskamp/Vitunac**
**United States District Court, Southern District of Florida**

Joel B. Rothman

jrothman@seidenlaw.com

Seiden Alder & Matthewman
2300 Glades Road, Suite 340-W

Boca Raton, FL 33431
Telephone: 561-416-0170
Fax: 561-416-0171
Attorney for Plaintiff

Notice of Electronic Filing


G. Donovan Conwell, Jr.
Florida Bar Number 371319
dconwell@csklawfirm.com
CONWELL, SUKHIA & KIRKPATRICK, P.A.
2701 N. Rocky Point Drive, Suite 1200
Tampa, Florida 33607
Tel: (813) 282-8000; Fax: (813) 282-8800
Attorney for Defendant

Notice of Electronic Filing