UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-80535-CIV-RYSKAMP

VISTAR TECHNOLOGIES CORP.,

    Plaintiff,

v.

OREN TAVORY,

    Defendant.

_____/

## **OMNIBUS ORDER**

    THIS CAUSE comes before the Court upon the Defendant's motion to stay discovery or alternativly for a protective order **[DE 51]**, filed on December 6, 2006. Plaintiff responded **[DE 61]** on December 20, 2006. No reply was filed. This cause also comes before the Court upon Defendant's Motion for Summary Judgement **[DE 45]** filed on December 5, 2006. Plaintiff responded **[DE 68]** on December 26, 2007. Defendant replied **[DE 77]** on January 8, 2007. The Court heard oral argument from the parties on February 1, 2007. The motions are now ripe for adjudication.

    Defendant's summary judgment motion raises the issue of whether Plaintiff has standing to bring this litigation. Standing, of course, is a necessary requirement for any suit. In this litigation, standing hinges on who has authority to act for Plaintiff. That issue is currently being litigated in state court. Deciding the same issue in this case could lead to res judicata problems if the state court reaches a decision before this Court. It would also lead to duplication of judicial

efforts and resources. Finally, the preliminary standing inquiry is a pure state law issue that was first filed in state court. As such, this Court should defer to the state court's determination of this matter.

The Eleventh Circuit reviews issuances of stays pending resolution of related proceedings in another forum under an abuse of discretion standard. *CTI-Container Leasing Corp. V. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). Nevertheless, a stay cannot be unnecessarily broad in scope or remain in effect for an unspecified length of time. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *Lisa v. Mayorga*, 232 F.Supp.2d 1325, 1327 (S.D. Fla. 2002). This Court finds, for the reasons stated above, that a stay is warranted based on the principles of judicial efficiency and comity. Once the state court determines who has the authority to act on behalf of Vistar, the parties are free to continue this litigation assuming that a dispute remains. The Court having reviewed the file, and being otherwise advised in the premises, it is hereby,

ORDERED AND ADJUDGED that:

(1)  The motion to stay discovery **[DE 51]** is GRANTED. Moreover, this case shall be stayed until the Florida state court reaches a decision in case numbers 50 2005 CA 0000605 XXXXMB and 50 2005 CA 009534 XXXXMB. Plaintiff is directed to notify this Court within ten days of the state court's issuance of a final judgement in the two cases. Plaintiff shall notify the Court of the following: (a) the outcome of the state court litigation, (2) whether either party plans to appeal the judgment, and (3) whether Plaintiff intends to pursue this lawsuit in light of the state court judgements.

(2)   The summary judgment motion **[DE 45]** is DENIED.  Plaintiff's motion to file a sur-reply **[DE 82]** is likewise DENIED.

(3)   Accordingly, Plaintiff's motions to extend discovery to oppose the summary judgment motion **[DE 72]** and motion for partial abstention **[DE 56]** are DENIED.

(4)   The following motions are DENIED WITHOUT PREJUDICE with leave to re-file after the stay has expired and if Plaintiff continues with the litigation: Plaintiff's motion to compel **[DE 40]**, Plaintiff's motion to compel **[DE 52]**, Judith Tavory's motion for protective order **[DE 47]**, and Defendant's motion to dismiss.

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida, this 2 day of February, 2007.

　　/s/ Kenneth L. Ryskamp　　
UNITED STATES DISTRICT JUDGE
Kenneth L. Ryskamp

Copies to:
Joel B. Rothman, Esq.
Donovan Conwell, Esq.