UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80535- CIV-RYSKAMP/VITUNAC

VISTAR TECHNOLOGIES
CORPORATION,

    Plaintiff,

v.

OREN TAVORY

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Vistar Technologies Corporation ("Vistar"), by and through undersigned counsel, hereby files[1] its Motion to Compel and in support thereof states as follows:

1. Vistar files this motion for an order compelling the defendant to serve his Preliminary Witness and Document Disclosures, and to supplement and provide answers and better answers with respect to the following discovery:

    a. Plaintiff's Request for Production of Documents dated October 23, 2006 (Defendant's Response containing the requests and responses is annexed as Exhibit A hereto);

    b. Plaintiff's First Set of Rule 26.1 G Interrogatories (Defendant's Answers containing the questions and answers is annexed as Exhibit B hereto);

    c. Plaintiff's Second Request for Production of Documents dated November 1, 2006 (Defendant's Response containing the requests and responses is annexed as Exhibit C hereto);

    d. Plaintiff's Third Request for Production of Documents dated November 2,

---

[1] Plaintiff originally filed this Motion to Compel on December 6, 2006 [D.E. 52], prior to the stay that was entered in this case. [D.E. 88]. Pursuant to the Omnibus Order staying the case on February 5, 2007, Plaintiff's Motion to Compel was denied without prejudice with leave to re-file after the stay expires. [D.E. 88]. On October 6, 2010, an Order was entered lifting the stay. [D.E. 107]. Accordingly, Plaintiff is re-filing its Motion to Compel herein.

9241497.1

          2006 (Defendant's Response containing the requests and responses is annexed as Exhibit D hereto);

e.    Plaintiff's Request for Inspection dated November 1, 2006 (Defendant's Response containing the requests and responses is annexed as Exhibit E hereto).

Plaintiff also seeks sanctions pursuant to Fed. R. Civ. P. 37(c) for failure to provide discovery.

2.    Vistar brought this action under 17 U.S.C. §§ 201 seeking a declaratory judgment that it owns the copyright to the Vistar Imaging Profiler System (the "VIP System"), plaintiff's successful medical credentialing software system. After Vistar's former employee Oren Tavory ("Tavory") repudiated Vistar's ownership of the copyright in the VIP System, Vistar filed this action. Vistar seeks a declaration that it is the owner of the copyright in the VIP System. Vistar also asserts that defendant infringed on that copyright, and that he misappropriated Vistar's trade secrets.

3.    After it filed its Amended Complaint, Vistar discovered that Tavory had registered copyrights in portions of the VIPsystem software with the Copyright Office. On November 28, 2006, Vistar filed a motion for leave to file a Second Amended Complaint containing additional claims for cancellation of Tavory's copyright registrations or to impose a constructive trust on those copyrights. On December 1, 2006, the motion was granted, and the court denied Plaintiff's pending motion to dismiss, motion for summary judgment, and motion for a stay of discovery and for a protective order as moot.

4.    In the interim, Vistar had served discovery requests on Tavory seeking basic information and documents in support of its case. However, to date Tavory has produced nothing. Tavory's responses are not responses at all. Rather, they are simply a collection of general objections. Defendant failed to provide any substantive responses to the Requests for Production or the Interrogatories whatsoever. Instead, defendant simply asserted blanket

objections without factual support. Inasmuch as the defendant's objections are unfounded and unsupportable, and plaintiff is entitled to responses to its discovery, an order compelling defendant to provide better answers should be entered, along with an order granting sanctions for the making of this motion.[2]

5. Tavory has objected generally to every request and interrogatory as premature, referring to motions to dismiss and for summary judgment directed to the amended complaint. These motions were denied by the court as moot the same day Tavory served his responses. (DE# 44). Since then Tavory has refiled his motions for summary judgment and to dismiss directed to the second amended complaint. Tavory fails to explain or justify in the responses why the pendency of these motions permit him to circumvent the Federal Rules of Civil Procedure and resist discovery. As discussed below in the Memorandum of Law, Tavory's pending motions have no effect on his obligations under the rules to respond to discovery.

6. Defendant has objected to the First Request for Production based on relevancy to requests #1-5, 7-14, 22, 24, and 26-68. Each relevancy objection simply states that the request "seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence." Defendant has also objected based on relevancy to interrogatories # 3-6, 8, 11, 12 and 15, the Second Requests #1,8-14, all the Third Requests, and #1-7 and 11 of the Request for Inspection in the same conclusory manner. None of the responses to the requests or answers to interrogatories provide a response, and none provide any detail for the basis of the relevancy objection.

---

[2] Normally, Local Rule 26.1H requires a motion to compel to contain verbatim quotes of the discovery requests and responses in dispute. However, the rule makes exception for motions, such as this one, that are grounded upon complete failure to respond or assertion of general or blanket objections. Consequently, verbatim quotes have not been provided.

9241497.1     3

7. Defendant has also objected to requests #1-5, 7-14, 22, 27-68 in the First Request for Production claiming they are overbroad and burdensome. Each such objection simply states that the request is "overbroad, unduly burdensome." Defendant has also objected to interrogatories numbered 3-6, 8, 11 and 12, the Second Requests #1, 8-14, all the Third Requests and Request for Inspection #2-7 and 11 in the same conclusory manner. Again, none of the responses or answers to interrogatories provide a response, and none provide any detail for the basis of the overbroad and burdensome objection.

8. Defendant has objected to the First Request for Production claiming it seeks the production of material protected by the work product or attorney/client privilege concerning requests # 4, 6, 10, 13, 20, and 22. Each such objection simply states that the request seeks to discover "communications subject to the attorney-client and work product privileges." Defendant has also objected to interrogatories numbered 3, 6-9, 11 and 12, the Second Requests #1, and the Request for Inspection #1, in the same manner as the requests, and asserted spousal privilege several times as well. Defendant has also failed to furnish a privilege log or the details required by Local Rule 26.1(G)(3)(b). Again, none of the responses to the requests or answers to interrogatories provide a response, and none provide any detail for the basis of the privilege objection.

9. Defendant has objected to the First Request for Production claiming it seeks documents that contain trade secrets (#3, 10, 27-52, 59, 60, 63, 1-5, 7-14, 22, 27-68) or "personal and private information" of the defendant (#64, 65, 67, 68). Each such objection simply states that the request seeks "privileged, confidential, sensitive or proprietary business information and/or trade secrets." Defendant has also objected to interrogatories numbered 4, 5 and 8, the Second Requests #8, 11 and 14 and, all the Third Requests, in the same blanket manner as the

requests. Meanwhile, defendant never contacted plaintiff's counsel to negotiate a protective order, which would have resolved any trade secrets objections. Once again, none of the responses to the requests or answers to interrogatories provide a response, and none provide any detail for the basis of the trade secrets objection.

10. Defendant has objected to several requests and interrogatories claiming that they are vague when referring to the status of Tavory as an "employee" because "Tavory's status as an employee …can only be determined by … the multi-factored test … in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989)." This is the case for requests #17, 21, and 26 of the First Request for Production, #12 of the Second Request, and interrogatories # 4, 5 and 8. These are not valid objections and go to a legal issue for the Court to determine. If defendant was in doubt, he could have proposed his own definition of "employee" and responded but he failed to do so. This is not surprising since none of the responses to the requests or answers to interrogatories set forth a response, and none provide any detail as to why referring to the defendant as an "employee" is objectionable.

11. Defendant has objected to several requests and interrogatories stating that the request "impermissibly seeks to gain by discovery the very subject matter of this litigation." This objection is made to the First Requests # 59, 60 and 61, the Second Requests[3] # 2-12 and 14, and the Request for Inspection. By the "subject matter of this litigation" defendant appears to be referring to the source code for the VIP System that he hijacked and has for eight years refused to turn over to its rightful owner, Vistar. Notwithstanding defendant's improper actions, Vistar does not need the VIP System source code in defendant's possession to operate its business, it needs the source code to prove that Vistar is the owner of the copyright, and defendant is not.

---

[3] Defendant's objection to the entire Second Request for Production on this basis is curious since these requests concerned the copyright registrations defendant filed at the Copyright Office which are public records.

12. Attached hereto as Exhibit F is the Declaration of Tracy Tucker, Lead Software Developer for Vistar. Mr. Tucker affirms that Vistar is in possession of all the source code required for the current version of the VIP System and for supporting VIP System installations. Mr. Tucker states plainly that "Vistar has no operational need for access to the source code for versions of the VIP System in the possession of Oren Tavory." However, Vistar does need the source code to litigate the merits of this case. Tavory stated plainly at his deposition in the action pending in Palm Beach County Circuit Court that the only way to determine what he contributed to the VIP System would be to look at the source code. (See Dep. Tavory Nov. 22, 2005 at 48-49, attached hereto as Exhibit G). Consequently, to reach the merits of this case requires a review of the code.

13. Tavory's objection that Vistar seeks the subject matter of this action is also improper because there is no dispute that Vistar owns the computer equipment it seeks to inspect in the Request for Inspection, and defendant has never disputed Vistar's ownership. Defendant is using Vistar's property like a kidnapper would use a hostage, and he is using objections to discovery as his means to retain and control that hostage. It is simply improper for the defendant to use objections to discovery as a means to an end.

### Local Rule 7.1 Certification

11. Undersigned counsel for the Plaintiff hereby certifies its compliance with Local Rule 7.1(A)(3.). As required by this rule, undersigned counsel conferred in good faith with counsel on several occasions by providing a draft of this motion prior to filing. However, counsel for defendant refused to negotiate in good faith regarding any of the objections raised by the defendant. As a result, the parties were unable to resolve the issues raised in the motion.

12.     The instant motion has not been brought for the purposes of harassment, delay or other improper motivation. Pursuant to the local rules of this Court, a single proposed order has been attached hereto.

## MEMORANDUM OF LAW

**A.     Defendant must serve preliminary witness and document disclosures pursuant to this Court's Scheduling Order.**

Rule 26 of the Federal Rules of Civil Procedure requires certain disclosures be served in a timely manner. This Court's Scheduling Order set the deadline for these disclosures at November 15, 2006. Defendant's disclosures are overdue and he should be compelled to provide them.

**B.     Defendant's general, blanket objections are improper.**

Defendant should also be compelled to provide answers and responses, and his blanket objections to discovery should be overruled. Objections to every single request and interrogatory amount to a "general objection" since defendant has failed to provide any response and failed to produce any document. Even if the requests were objectionable in some way, and plaintiff submits that they are not, defendant is obligated to produce that portion which could reasonably be done in compliance with the Rules. *See* Fed. R. Civ. P. 33(b), advisory committee's note (1993 Amend.)(emphasising the "duty of the responding party to provide full answers to the extent not objectionable.")

Moreover, defendant has failed to comply with Local Rule 26.1(G)(3)(a) that requires where an objection be made it shall state with specificity all grounds. The party resisting discovery must show how each request is overly broad, burdensome or oppressive. *See McLeod v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990), *citing Josephs v. Harris Corp.*, 677 F.2d 985,

991-92 (3d Cir. 1982). The party resisting the discovery requests also bears the burden of showing that the requested discovery lacks relevance as defined under the broad scope of Fed. R. Civ. P. 26(b)(1). See *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996).

Defendant has failed to meet his burden in responding to the plaintiff's discovery in violation of Local Rule 26.1G(3)(a). Defendant has also failed to furnish a privilege log or the details required by Local Rule 26.1(G)(3)(b) with respect to requests and interrogatories objected to on the basis of privilege. Defendant has made no efforts to attempt to narrow the discovery or provide plaintiff with specifics regarding its objections in order to resolve discovery disputes.

### C.  Defendant should be sanctioned for discovery abuse.

The defendant's blanket, general objections with no responses are equivalent to discovery abuse. This court should sanction the defendant pursuant to Rule 37(c) for failure to disclose information pursuant to request, and for failing to serve Rule 26 disclosures within the time required.

## CONCLUSION

Tavory's objections are improper general blanket objections. The discovery requests served in this action by Vistar seek to discover information and documents relevant to the dispute between the parties as to the ownership of the copyright in the VIP System software, infringement of that copyright, and Tavory's misappropriation of plaintiff's trade secrets. Tavory should be compelled to respond to discovery.

WHEREFORE, the plaintiff respectfully requests this Court enter an order compelling defendant to provide its Rule 26 disclosures, responses and better responses to interrogatories and the first, second and third requests for production, award sanctions to the plaintiff for the

making of this motion, and grant such other and further relief as the Court deems proper.

Dated: October 8, 2010.

          Respectfully submitted,
          ARNSTEIN & LEHR LLP
          Attorney for Vistar Technologies Corp.,
          Myra Ameigh and Kathy Barber
          515 North Flagler Drive
          Northbridge Centre – 6th Floor
          West Palm Beach, FL 33401
          561/833-9800 (ofc.)
          561/655-5551 (fax)

By: /s/ Misha J. Kerr
    Joel B. Rothman
    Florida Bar No. 0098220
    jrothman@arnstein.com
    Misha J. Kerr
    Florida Bar No. 39652
    mjkerr@arnstein.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 8th day of October, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      Respectfully submitted,
ARNSTEIN & LEHR LLP
Attorney for Vistar Technologies Corp.,
Myra Ameigh and Kathy Barber
515 North Flagler Drive
Northbridge Centre – 6th Floor
West Palm Beach, FL 33401
561/833-9800 (ofc.)
561/655-5551 (fax)

By: /s/ Misha J. Kerr
Joel B. Rothman
Florida Bar No. 0098220
jrothman@arnstein.com
Misha J. Kerr
Florida Bar No. 39652
mjkerr@arnstein.com

**SERVICE LIST**
**Vistar Technologies Corporation, Plaintiff, v. Oren Tavory, Defendant**
**CASE NO.  06-80535- CIV-RYSKAMP/VITUNAC**
**United States District Court, Southern District of Florida**

G. Donovan Conwell, Jr., Esq.
Florida Bar No.  371319
dconwell@CKbusinesslaw.com
James M. Matulis, Esq.
Florida Bar No. 0077429
jmatulis@CKbusinesslaw.com
Dineen Pashoukos Wasylik, Esq.
Florida Bar No.  0191620
dwasylik@CKbusinesslaw.com
Conwell Kirkpatrick, P.A.
2701 North Rocky Point Drive, Suite 1200
Tampa, Florida  33607
Telephone:  813-282-8000
Facsimile:  813-282-8800
(Attorneys for Plaintiff)

Stephen D. Milbrath, Esq.
Florida Bar No. 239194
smilbrath@addmg.com
Allen, Dyer, Dopplet, Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL  32802
Telephone:  407-841-2330
Facsimile:  407-841-2343
(Attorneys for Vistar Technologies Corp.)

Robert H. Thornburg, Esq.
Florida Bar No. 630829
rthornburg@addmg.com
Allen, Dyer, Dopplet, Milbrath & Gilchrist, P.A.
777 Brickell Avenue, Suite 1114
Miami, FL  33131
Telephone:  305-374-8303
Facsimile:  305-374-8306
(Attorneys for Vistar Technologies Corp.)