UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-civ-80535 Ryskamp/Vitunac
Case No: 09-cv-80934-Ryskamp/Vitunac

VISTAR TECHNOLOGIES CORP.,

    Plaintiff,

v.

OREN TAVORY,

    Defendant,

---

OREN TAVORY,

    Plaintiff,

v.

KATHY BARBER and
MYRA AMEIGH,

    Defendants.    /

## PLAINTIFF'S OPPOSITION TO VISTAR TECHNOLOGIES CORP.'S MOTION FOR PROTECTIVE ORDER

Plaintiff, Oren Tavory ("Tavory"), opposes the Motion of Vistar Technologies Corp. for Protective Order [Dkt. 127] and requests that the motion be denied for the following reasons.

## I.     Vistar's Motion Should Be Denied as Untimely.[1]

Vistar's motion is untimely. Local Rule VI, C provides that a motion for protective order shall be filed within thirty days of the occurrence of the grounds for the motion. Failure to do so may constitute a waiver unless a showing of reasonable cause is shown for the late filing. A primary ground for Vistar's motion for protective order is the false assertion that Tavory "has created inauthentic source code" in a prior lawsuit, *Tavory v. NTP, Inc.*, and is likely to do so here unless this court grants Vistar's motion.[2] Vistar Opposition at p. 8. The *NTP* case predated Tavory's subpoena, so the grounds for the motion were known to Vistar when Vistar received the subpoena on July 28, 2010. Vistar did not move for a protective order within the thirty-day period (Vistar waited until October 4, 2010, to file that motion, after Tavory had moved to compel) and has made no attempt to show reasonable cause for the late filing. Vistar's motion for protective order, therefore, should be denied based upon waiver.

Vistar's assertion that its late filing "is timely as a matter of law" (Vistar Opposition at p. 8) is incorrect, for two reasons. First, the cases upon which it relied did not interpret or apply this district's local rules, which require a motion for protective order to be brought within the thirty-day period described above, absent a showing of reasonable cause. Second, those cases do not apply to the facts present in this case. *W M High Yield v. O'Hanlon*, 460 F. Supp. 2d 891 (S.D. Ind. 2006), cited on page 8 of the Vistar Opposition, held that a failure to file written objections to a subpoena within the 14-day period set forth in Rule 45(c)(2)(b)

---

[1] Tavory strongly disagrees with Vistar's "Factual Background." Most of it already has been addressed in Tavory's Reply Memoranda [Dkts. 140 and 144] to Vistar, Ameigh, and Barber's Oppositions to Tavory's Motions to Compel. The attached Declaration of Dineen Wasylik also sets forth much more accurately the facts concerning document production in this case.

[2] Tavory has shown that this allegation is false in his Reply Memoranda. [Dkts. 140 and 144]

does not waive the right to move to quash the subpoena, if the motion to quash is filed before the return date of the subpoena. *Id.* at 894-895. Here, Plaintiff served the subpoena on July 28, 2010 and the subpoena required compliance on August 6, 2010.[3] *See*, Plaintiff's Notice of service of Subpoena. [Dkt. 93-1]. On August 6, 2010, Plaintiff's counsel agreed to Vistar's request to permit production on August 20, 2010. Dkt. 93-4]. But on August 20, Vistar served Tavory with objections, rather than produce the subpoenaed documents. Vistar did not move to quash the subpoena, but even if it had, that would not be timely under Rule 45(c). The court in *O'Hanlon* stated that a motion to quash filed after the 14-day period and after the return date of the subpoena is *not timely* under Rule 45 (c). *Id.* 894 at F.N. 4. Here, Vistar did not file any motion concerning the subpoena until October 4, 2010, nearly two months after the return date in the subpoena and one and a half months after the August 20 deadline date. This waived Vistar's right to move under Rule 45, because Vistar delayed filing its motion until after both the 14-day deadline and the return date of the subpoena.

The decision in *Asarco, LLC v. Americas Mining Corp.*, 2007 WL 3504774 (D. Idaho 2007) does not help Vistar either. That case held that a party to whom a subpoena is not directed, but who has an interest in the subpoena for which it requires protection, is not bound by the 14-day timeline in Rule 45, Fed. R. Civ. P. In this case, Tavory's subpoena was directed to Vistar, the party who is moving for relief under Rule 26 and Rule 45. There is no issue in the present motion of a third party moving to quash the subpoena or for a protective order.

---

[3] The parties agreed to expedite document production due to case management deadlines. Declarations of G. Donovan Conwell Jr. [Dkt. 144-2] at ¶ 3 and Dineen P. Wasylik. [Dkt. 144-1] at ¶ 3.

**II.     The Existing Protective Order Adequately Protects Vistar.**

The motion for protective order should be denied for the additional reason that the Court already has entered a protective order, agreed to by the parties and with participation of Vistar counsel, which provides for protection of trade secret material, and specifically source code. The parties were aware of trade secret issues involving source code when they agreed to entry of the protective order, and the protective order specifically addresses those issues. *See* Protective Order at ¶¶'s 3-4 and 14. [Dkt. 72]. Tavory, when producing his source code to the Defendants, in fact, designated his source code as confidential, trade secret material under the protective order. *See* Dkt. 139 at p. 3.

The parties and Vistar contemplated that they would be reviewing each other's source code and laid out a procedure for doing so. Paragraph 4 of the Protective Order goes into great detail regarding the procedures to be followed when a "party or a current or former Vistar employee or contractor ("Vistar Reviewer")" reviews a Producing Party's source code that has been designated attorneys eyes only. There are eight conditions with which a reviewing party and his or her counsel must comply to review another person's source code. Protective Order at p. 4, ¶4. One of those conditions is that the party's counsel and retained expert must be in the room when a party or Vistar Reviewer reviews source code produced under the protection of the Protective Order. *Id.* ¶4(c). This and the other seven conditions provide more than sufficient protection for the source code of the parties.

Counsel for Tavory, Ameigh, Barber, and Vistar, spent considerable time negotiating these terms, painstakingly describing the procedures for a party's review of another person's produced source code. Decl. D. Wasylik, Exhibit A at ¶ 4-5. Protection of the source code

from copying and use by the opposing side is something that the parties and Vistar[4] thought about, discussed, and upon which they reached agreement.  Now that Tavory has produced his confidential source code to the Defendants in reliance upon that order, the Defendants and Vistar seek an unfair advantage by a second protective order that does not treat the parties equally, but would impose duties upon Tavory that are not imposed upon the Defendants and Vistar.  This is patently unfair to Tavory and should not be permitted by this Court.

### III. There is no Basis for Entry of the Protective Order Sought by Vistar in a Copyright Infringement Case.

The only copyright case cited by Vistar to support its request is *Member Services, Inc. v. Security Mutual Life Insurance*, 2007 WL 778141 (N.D.N.Y. 2007), in which a court provided for a *simultaneous production* by the parties to the court of the confidential code at issue, with a certification by the plaintiff that it had produced all materials that it will contend at trial were conveyed by plaintiff to the defendant prior to the lawsuit.  Following such submissions, the court would enter "an appropriate protective order."  *Id.* at *3.  Such an order would not work here because there can be no *simultaneous exchange*, because Tavory, in reliance upon the negotiated Protective Order,[5] already produced his source code to the Defendants.  Additionally, unlike the court in *Member Services*, this Court already has entered an "appropriate protective order."

---

[4] Counsel for Vistar in the '09 matter, Stephen Milbrath, was involved in the negotiation of the protective order. Wasylik Decl. ¶ 5-6.  Counsel for Ameigh and Barber in the '09 matter, Joel Rothman, took the lead in negotiating the protective order.  *Id*.  Rothman represents Vistar in the '06 matter as well as in the two state court matters, and Ameigh and Barber purport to be the majority shareholders and sole officers of Vistar.  Vistar cannot seriously argue that its interests were not represented by the agreed protective order.

[5] In addition, Mr. Milbrath previously staked the position that Tavory need either simultaneously produce source code, or else Tavory must make his production first.  *See* Wasylik Decl. ¶ 7 and Exhibit 2.

*Member Services* is distinguishable from this case in any event because the claims there were for copyright infringement and *misappropriation of trade secrets*. The rule in trade secret cases is that the plaintiff must identify its trade secrets with particularity, as required by the Uniform Trade Secrets Act. Vistar has correctly pointed out that some courts have postponed discovery in a trade secret case until after the plaintiff has identified its trade secrets with sufficient particularity. Vistar Opposition at p. 9. But they do so for reasons that are not present in a copyright infringement case. In *Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1323 (S.D. Fla. 2001), cited at page nine of the Vistar Opposition, the court delayed discovery by either party, based upon California Code of Civil Procedure 2019(d), which forbade commencement of discovery until after plaintiff had identified its trade secrets with sufficient particularity. The Florida Uniform Trade Secret Act, however, does not impose such a delay on discovery and the California statute has since been repealed. Moreover, there is no parallel statutory requirement in a copyright infringement case. Rather, under the Federal Rules of Civil Procedure, the discovery obligations of the parties are not dependent on each other's actions. Fed. R. Civ. P. 26(d).

Other cases cited by Vistar hold that a plaintiff in a trade secret case must identify its trade secrets with particularity before a court will compel the defendant to produce trade secret material requested by plaintiff, because the relevance of plaintiff's document request is determined by the scope of the trade secrets at issue. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 755 F. Supp 635, 637 (D. Del. 1991). *Hill v. Best Medical International, Inc.*, No. 09-1194, 2010 WL 2546023 at *4 (W.D. Pa. June 24, 2010);   There is no issue of

relevance here and Vistar has not objected to production of the requested source code and related documents based upon relevance.

The procedures in *Member Services* are unusual, and out of step with the Federal Rules of Civil Procedure, except in trade secret misappropriation cases. The Federal Rules of Civil Procedure provide that one person's duty to produce documents is not contingent upon another party's prior production. *Dunn v. Albany Medical College*, Slip Copy, 2010 WL 2326137 (N. D. N. Y. 2010). (". . . the Federal Rules of Civil Procedure expressly provide that there is no priority of discovery, and thus plaintiff has no ground to complain that he is being required to disgorge information concerning any issues in the case before the defendant must do so. Fed. R. Civ. P. 26(d)(2)"); *Crawford-Bey v. New York Presbyterian Hosp.,* Slip Copy, WL 2222916 (S.D.N.Y. 2009) **("**The plaintiff's insistence that the defendant answer the interrogatories she has served, as a condition precedent to her responding to the defendant's discovery demands, is improper. Such a requirement contravenes the express language of Fed. R. Civ. P. 26 (d) (2), which informs that discovery pursued by one party should not delay discovery efforts of another party."); *Plan Pros, Inc. v. Torczon*, Slip Copy, 2009 WL 3063017 (D. Neb. 2009) ("the [defendants] objected to the document request as 'premature' because PPI had not yet responded to *their* discovery requests. . . . There is simply no legal basis for [defendants'] summary dismissal of PPI's request as 'premature.' '[D]iscovery by one party does not require any other party to delay its discovery.' Fed. R. Civ. P. 26(d)(2)(B). [Defendants] are advised that their obligation to respond to PPI's discovery requests is not contingent on PPI's responding to [defendants'] discovery requests."). *Torczon* was a copyright infringement case in which the court rejected the

defendants' argument that they should not be required to produce their copyrighted material until after the plaintiff had completed production of its copyrighted work. *Id.* at *3.

Another flaw in Vistar's argument is that Vistar is the plaintiff in the 06 copyright case, which, by Vistar's logic, would require Vistar to produce the source code it claims to own first, and provide to Tavory the same certification Vistar seeks from him. Tavory certainly has reason to be concerned that Vistar, under Ameigh's control, will copy the source code that Tavory has produced in discovery. The deposit material filed with Vistar's copyright registration application appears to be a copy of Tavory's source code. Declaration of Roland Smith, ¶33 [Dkt. 144-4]. Vistar's proposal that the copyright plaintiff produce its code first before getting the defendants code cannot work in a case like this, in which both sides are suing for copyright infringement. Both sides cannot go first.

## IV. The Motion for Protective Order is Moot.

Finally, the motion should be denied because it is moot. Tavory has produced his source code to the Defendants.[6] Tavory's counsel has written to counsel for the Defendants that to the best of his knowledge, information, and belief, formed after a reasonable inquiry, Tavory's production of his copyrighted source code is complete and correct. Tavory's counsel subsequently supplemented the production, as required by Rule 26(e), Fed. R. Civ. P., when he discovered that the code for one of the registrations had been under review and was not yet produced, thereby finalizing production of Tavory's code.

---

[6] Tavory substantially completed his production on September 23, 2010, providing the source code for five out of six copyright registrations Tavory had obtained, before Vistar filed this motion for protective order. Wasylik Declaration, ¶13. Tavory completed his production of the source code for the last copyrighted work at issue this week. Due to the large volume of information requested, and the enormous amount of time required to review material for responsiveness and privilege, Tavory's counsel was not able to immediately produce all of the responsive documents. Wasylik Declaration, ¶12.

- 9 -

WHEREFORE, Plaintiff respectfully requests that this Court deny the motion of Vistar Technologies Corp. for a Protective Order. There is no basis for the relief sought and the motion appears to have been filed, in coordination with the Defendants Ameigh and Barber, solely for the purpose of further delaying production of the Vistar source code to Tavory. Tavory requests that the Court award him his reasonable expenses and attorneys fees incurred in defeating Vistar's motion in accordance with Fed. R. Civ. P. 37(a)(5)(B).

Dated: October 21, 2010

*/s/ G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.
Florida Bar No: 371319
Dineen Pashoukos Wasylik
Florida Bar No: 0191620
**CONWELL KIRKPATRICK, P.A.**
2701 North Rocky Point Drive, Suite 1200
Tampa, FL 33607
(813) 282-8000; (813) 282-8800 (Facsimile)
dconwell@CKbusinesslaw.com
dwasylik@CKbusinesslaw.com
Attorneys for Oren Tavory

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified:

*/s/ G. Donovan Conwell, Jr.*

**SERVICE LIST**
**Oren Tavory v. Kathy Barber and Myra Ameigh**
Case No. 06-civ-80535 Ryskamp/Vitunac
Case No. 09-civ-80934 Ryskamp/Vitunac
United States District Court, Southern District of Florida

| | |
|---|---|
| Joel B. Rothman, Esq. <br> jrothman@arnstein.com <br> ARNSTEIN & LEHR, LLP <br> 515 North Flagler Drive, Sixth Floor <br> West Palm Beach, Florida 33401-4323 <br> Attorney for Defendants | Robert H. Thornburg <br> rthornburg@addmg.com <br> ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A. <br> 777 Brickell Avenue, Suite 1114 <br> Miami, FL 33131 |
| Stephen D. Milbrath <br> smilbrath@addmg.com <br> ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A. <br> Post Office Box 32802 <br> Orlando, FL 32802 | |